THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TCG EVENTS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 3:23-cv-629<br>) |
| THE GATHERING CO., LLC, | )<br>) |
| Defendants. | )<br>) |

**COMPLAINT**

Plaintiff TCG Events, Inc. ("TCG"), a North Carolina corporation, by its undersigned attorneys, files this Complaint against Defendant The Gathering Co., LLC ("TGC"), a North Carolina limited liability company, and alleges as follows:

**Nature of Action**

1. Since at least December 2012, Plaintiff TCG has provided comprehensive event planning services in connection with the marks TCG™ and TCG Events™.

2. Plaintiff TCG offers comprehensive event planning services wherever a client needs assistance, but generally focuses its efforts in North Carolina, with a primary focus in the Charlotte area.

3. Plaintiff TCG was originally incorporated in 2010, and changed its name to TCG Events in 2012.

4. Plaintiff TCG advertises its services on the internet under the domain name tcgevents.com, and has done so continuously since 2012.

5. Defendant TGC provides comprehensive event planning services, generally related to activities surrounding weddings, originally in the Raleigh area, but has recently expanded into the Charlotte area.

6. Defendant TGC was incorporated in 2018, six years after Plaintiff changed its name to TCG Events.

7. Upon information and belief, sometime after 2018, TGC began advertising its services on the internet under the domain name tgcevents.com.

8. Upon learning that Defendant TGC had expanded operations into the Charlotte area, and upon learning that Defendant TGC was using the domain name tgcevents.com, Plaintiff TCG contacted Defendant TGC and asked that they not use the mark TGC in the

Charlotte area and cease using the domain name tgcevents.com, as those strikingly similar identifiers would likely confuse potential customers.

9. Defendant TGC responded that it would not stop using the mark or the domain name, thus necessitating this action.

10. This is an action for false designation of origin and cybersquatting under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lanham Act"), and unfair and deceptive trade practices under North Carolina General Statutes §75-1.1 *et seq*.

## Parties

11. Plaintiff TCG is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 615 South College Street, 9th Floor, Charlotte, North Carolina 28202.

12. Upon information and belief, Defendant TGC is a limited liability company organized and existing under the laws of the State of North Carolina, with principal places of business at 8016 Bells Lake Road, Apex, North Carolina 27539.

## Jurisdiction and Venue

13. This Court has subject matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a), and over the related state- and common-law claims under 28 U.S.C. §§ 1338 and 1367.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

15. This Court has personal jurisdiction over Defendant TGC, and venue is proper because, among other things and upon information and belief, (a) Defendant TGC has marketed, offered for sale, and sold its services under the TGC mark and tgcevents.com domain name within the State of North Carolina and within Charlotte; (b) Defendant TGC regularly conducts business within the State of North Carolina and within Charlotte; and (c) Defendant TGC has otherwise made regular and established contacts within the State of North Carolina and within Charlotte.

## General Allegations

### *Plaintiff TCG's Protected Marks*

16. Plaintiff TCG has continuously offered its event planning services under the marks TCG and TCG Events from 2012 to the present.

17. Plaintiff TCG has grown into one of the leading event-planning organizations in Charlotte, North Carolina, and has earned a reputation for providing high-quality event planning services. TCG won a national award from the ILEA (International Live Events Association), and has been quoted in numerous publications, including the Charlotte Business Journal and the New York Times.

18. Since its inception, Plaintiff TCG has spent thousands of dollars promoting the TCG™ and TCG Events™ mark.

19. As a result of Plaintiff TCG's extensive and continuous use and promotion of the TCG™ and TCG Events™ mark, Plaintiff TCG has built up, and now owns, extremely valuable goodwill that is symbolized by and concomitant with its marks.

20. The purchasing public has come to favorably associate the TCG and TCG Events marks as an indicator of source for Plaintiff TCG's quality event planning services.

*Defendant TGC's Subsequent Use of Virtually Identical Marks*

21. Defendant TGC offers comprehensive event planning services, generally related to activities surrounding weddings.

22. Defendant TGC began operations in 2018 in the Raleigh, North Carolina area, but recently expanded its operations to Charlotte.

23. In marketing and using the names TGC and TGC Events, Defendant TGC has closely mimicked Plaintiff TCG's marketing and branding of its TCG™ and TCG Events™ marks.

24. Upon information and belief, Defendant TGC, despite having full knowledge of Plaintiff TCG' marks, continues to offer for sale event planning services under the TCG and TCG EVENTS marks.

25. Upon information and belief, Defendant TGC knowingly, willfully, intentionally, and maliciously adopted and uses the name TGC and TGC EVENTS as a confusingly similar mark to Plaintiff's TCG™ and TCG EVENTS™ trademarks.

## Count One
## False Designation of Origin
## 15 U.S.C. § 1125(a)

26. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

27. Defendant TGC's use of the names TGC and TGC EVENTS directly causes and is likely to continue to cause confusion, deception, and mistake in the event planning marketplace by creating the false impression that Defendant TGC's services are offered by Plaintiff TCG, or that Plaintiff TCG and Defendant TGC are affiliated, related, or associated with each other.

28. Defendant TGC's activities have caused and, unless enjoined by this Court, will continue to cause, substantial harm to Plaintiff TCG, confusion and deception in the marketplace, and injury to the goodwill and reputation Plaintiff TCG has built in its TCG™ and TCG EVENTS™ marks, for which it has no adequate remedy at law.

29. Defendant TGC's infringing activities are an intentional, willful, and malicious effort to trade on the goodwill and reputation of Plaintiff TCG's TCG™ and TCG EVENTS™ marks.

30. Plaintiff TCG is entitled to injunctive relief and to recover Defendant TGC's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count Two**
**Cybersquatting**
**15 U.S.C. § 1125(d)**

31. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

32. Defendant TGC operates a commerce related web site on the World Wide Web at www.tgcevents.com. The website shows infringing copies of Plaintiff's marks used in connection with event planning services.

33. Defendant TGC's internet domain name is confusingly similar to, wholly incorporates and dilutes the distinctive quality of Plaintiff's TCG™ and TCG EVENTS™ mark. Defendant TGC uses the domain name in bad faith with actual knowledge of Plaintiff's rights in the TCG™ and TCG EVENTS™ marks. Defendant TGC has used and continues to use, the infringing domain name to confuse

consumers and divert consumers from Plaintiff TCG's business by directing them to the Defendant TGC's website and competing business. The resulting website displays infringing marks and images that are exclusively owned by Plaintiff TCG.

34. Defendant TGC's acts are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## Count Three
## Unfair and Deceptive Trade Practices
## N.C. Gen. Stat. §§ 75-1.1 *et. seq.*

35. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

36. Defendant TGC's use of names practically identical to Plaintiff TCG's TCG™ and TCG EVENTS™ marks constitutes unfair and deceptive trade practices pursuant to North Carolina General Statutes §§ 75-1.1 *et. seq.*

## Count Four
## Unfair Competition

37. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

38. Defendant TGC's activities constitute unfair competition under common law, and have created a likelihood of confusion in the marketplace for which Plaintiff TCG has suffered irreparable injury with no adequate remedy at law.

39. Upon information and belief, Defendant TGC acted with full and direct knowledge of Plaintiff TCG's rights in the TCG™ and TCG EVENTS™ marks, and in blatant, willful, and intentional disregard for Plaintiff TCG's rights. Defendant TGC intentionally sought to trade on Plaintiff TCG's goodwill associated with its TCG™ and TCG EVENTS™ marks through the use of the almost identical TGC AND TGC EVENTS identifiers.

40. As a result, Plaintiff TCG has been damaged in an amount not yet ascertained and is entitled to injunctive relief, to an accounting of Defendant TGC's profits, damages, and costs. Further, as a result of Defendant TGC's intentional and malicious use of the confusingly similar marks TGC and TGC Events, and to discourage similar activity

Page 10 of 14
Case 3:23-cv-00629-GCM   Document 1   Filed 10/03/23   Page 10 of 14

by Defendant TGC in the future, Defendant TCG is entitled to punitive damages.

**Prayer for Relief**

WHEREFORE, Plaintiff TCG Events, Inc. requests that:

1. Defendant TGC, their officers, agents, servants, resellers, employees and all persons in concert or participation with Defendant TGC in connection with the use of the marks TGC and TGC EVENTS be preliminarily and permanently enjoined from:

    a. Advertising, marketing, promoting, offering for sale, distributing, or selling any product or service bearing the marks TGC, TGC EVENTS, or any similar name;

    b. Otherwise infringing Plaintiff TCG's TGC™ and TGC EVENTS™ marks, or otherwise using the name TCG™ or TCG EVENTS™ in connection with any of Defendant TGC's goods or services; and

    c. Using any trademark, name, logo, design, source designation, or domain name of any kind on or in connection with

Defendant TGC's goods and services that is confusingly similar to the TCG™ or TGC EVENTS™ marks.

2. Defendant TGC be ordered to cease use of the infringing domain name, offering for sale, marketing, and selling any goods and services under the name TGC or TGC EVENTS, and to recall all materials, goods and services bearing the name TGC or TGC EVENTS, or any confusingly similar version thereof in Defendant TGC's possession or that have been shipped under Defendant TGC's authority to any other entity, and to deliver to each such entity a copy of this Court's order as it relates to said injunctive relief against Defendant TGC;

3. Defendant TGC be ordered to deliver up for impoundment and destruction all products, packaging, labels, signs, wrapping, advertising, marketing, sample books, sheathing, and any other materials in the possession, custody or control of Defendant TGC that directly causes and is likely to continue to cause confusion, deception, and mistake by creating the false impression that Defendant TGC's services are offered by Plaintiff TCG, or that Plaintiff TCG and Defendant TGC are affiliated, related, or associated with each other, or

that otherwise unfairly compete with Plaintiff TCG and its products and services;

4. Defendant TGC be ordered to relinquish all rights in the internet domain name tgcevents.com and directing the Registrar or any party in a position to do so, to transfer the domain name to Plaintiff TCG.

5. Defendant TGC be ordered to account for and pay as damages to Plaintiff TCG all profits and advantages derived by Defendant TGC from their unfair trade practices, unfair competition, and false designation of origin that directly causes and is likely to continue to cause confusion, deception, and mistake, or that Plaintiff TCG and Defendant TGC are affiliated, related, or associated with each other.

6. Defendant TGC be ordered to pay treble damages in accordance with North Carolina General Statute § 75-16.

7. Based on Defendant TGC's knowing and intentional use of a confusingly similar imitation of the TCG™ and TCG EVENTS™ marks, the damage awarded be trebled and the award of Defendant TGC's profits derived therefrom be enhanced as provided by 15 U.S.C. § 1117(a).

8. Defendant TGC be ordered to pay Plaintiff TCG's attorney's fees in accordance with North Carolina General Statute § 75-16.1.

9. Defendant TGC be ordered to pay Plaintiff TCG's interest, costs, and reasonable attorneys' fees, as well as prejudgment and post-judgment interest on all monetary awards; and

10. Plaintiff TCG be awarded any other just relief as the Court may deem just.

## Jury Trial Demand

Plaintiff TCG requests trial by jury on all matters so triable.

This 3rd day of October, 2023.

> Respectfully submitted,
>
> /s/Albert P. Allan
> Albert P. Allan, Esq.
> N.C. Bar No. 18882
>
> ALLAN LAW FIRM, PLLC
> P.O. Box 36001
> 201 North McDowell Street
> Charlotte, North Carolina 28236
> Tel: (704) 488-3170
> Email: alallan@allaniplitigation.com
>
> *Counsel for Plaintiff TCG Events, Inc.*